IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARDO ESQUER,<br><br>    Petitioner,<br><br><br><br><br><br><br>    vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR REDUCTION OF SENTENCE/TIME BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 18 U.S.C. § 3582 AND 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:08-CV-817 TS<br><br>Criminal Case No. 2:07-CR-55 TS |

This matter comes before the Court on Petitioner's Motion for Reduction of Sentence/Time by a Person in Federal Custody Pursuant to 18 U.S.C. § 3582 and 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Petitioner was charged in a five-count Indictment with: (1) Possession of Cocaine with Intent to Distribute; (2) Possession of a Firearm in Furtherance of a Drug Trafficking Offense; (3) Felon in Possession of a Firearm; (4) Alien in Possession of a Firearm; and (5) Reenty of a Previously Removed Alien. On June 18, 2007, Petitioner pleaded guilty to Count II of the

Indictment—Possession of a Firearm in Furtherance of a Drug Trafficking Offense—a violation of 18 U.S.C. § 924(c). Petitioner was sentenced on September 6, 2007, to a minimum mandatory term of 60 months imprisonment and the judgment was entered the following day. Petitioner did not pursue a direct appeal.

## II.  DISCUSSION

Petitioner brings this Motion pursuant to 18 U.S.C. § 3582 and 28 U.S.C. § 2255. Petitioner argues that it is a violation of Due Process and Equal Protection that, based on his immigration status, he is deprived of certain benefits and privileges which result in harsher punishment. Petitioner argues, therefore, that he should be given a reduction in his sentence. As will be discussed below, Petitioner's claims are not cognizable under § 3582, his Motion under § 2255 is time barred, and, because Petitioner attacks the execution of his sentence, his Motion should have been filed under 28 U.S.C. § 2241. Therefore, the Court will deny the Motion without prejudice.

A.    18 U.S.C. § 3582

Petitioner brings his Motion pursuant to 18 U.S.C. § 3582. That statute provides that "the court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances.[1]

> Section 3582(c) . . . provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion

─────────────────────

[1]18 U.S.C. § 3582(c).

in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[2]

Here, the Court finds that Petitioner fails to show that he is entitled to relief under § 3582(c) because his allegations and arguments, construed liberally, do not establish any of the three avenues through which the Court may modify his term of term of imprisonment once it has been imposed.

B.     28 U.S.C. § 2255

Petitioner also brings his Motion pursuant to 28 U.S.C. § 2255.  In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[3]  Section 2255 states:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]*United States v. Blackwell*, 81 F.3d 945, 947–48 (10th Cir. 1996) (citing and quoting § 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[3]*See also United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

As Petitioner did not pursue a direct appeal, his conviction and sentence became final on the date on which the time for filing such an appeal expired.[4]  Petitioner did not file his Motion until October 23, 2008—more than one year after the time for filing an appeal expired. Petitioner has offered no reasons why the Motion was untimely filed and the Court can find none.  Therefore, Petitioner's Motion is untimely.[5]

C.      28 U.S.C. § 2241

The Court further finds that Petitioner's claims are not properly brought under § 2255. Petitioner argues that, because of his immigration status, he is ineligible for certain programs and cannot receive certain benefits.  Because these arguments concern the execution of his sentence, rather than the imposition of his sentence, they should have been filed under 28 U.S.C. § 2241.[6]

Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] within their respective jurisdictions."  Defendant is confined in California.  The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and *must be filed in the district where the prisoner is confined*."[7] The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."[8]

---

[4]*Kapral v. United States*, 166 F.3d 565, 577 (10th Cir. 1999).

[5]Even if Petitioner's claims were timely, the Court finds that they would be procedurally barred because Petitioner did not raise them at his sentencing and did not pursue a direct appeal.

[6]*United States v. Acevedo*, 7 Fed.Appx. 850, 851 n.2 (10th Cir. 2001).

[7]*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).

[8] 28 U.S.C.§ 2241(b).

In this case, Petitioner has filed his request by Motion, rather than by a Petition addressed to the district court in the jurisdiction where he is confined.  Because it was filed as a Motion rather than a Petition, Petitioner has not paid the filing fee necessary to file such a Petition, nor has he moved to proceed with a § 2241 petition in forma pauperis, and, therefore, there is no Petition to transfer.  Accordingly, the Court will deny Petitioner's Motion without prejudice to its refiling as a Petition under U.S.C. § 2241 in the federal district court in the district where he is currently confined.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Reduction of Sentence/Time by a Person in Federal Custody Pursuant to 18 U.S.C. § 3582 and 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:08-CV-817 TS) is DENIED WITHOUT PREJUDICE.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The clerk of the court is directed to close this case forthwith.

DATED this 24th day of October, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge

5